```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Roger Haselton,                   :
        Petitioner,               :
                                  :
    v.                            :     File No. 1:06-CV-9
                                  :
State of Vermont,                 :
        Respondent.               :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1, 5, 7, 9 and 10)

Petitioner Roger Haselton seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 state court conviction for driving with a suspended license. (Paper 1). The respondent has moved to dismiss (Paper 5), arguing that Haselton was not in state custody when he filed his petition. Also pending before the Court Haselton's motions to amend (Paper 7) and "proceed" (Papers 9 and 10). For the reasons set forth below, I recommend that the respondent's motion to dismiss be GRANTED, and that Haselton's petition be DISMISSED. Haselton's motion to amend is GRANTED, and his motions to proceed are DENIED a moot.

### Factual Background

On October 16, 2001, Haselton was charged with driving while his license was suspended. The maximum

sentence for this offense is imprisonment for not more than 2 years and a fine of not more than $5,000.  23 V.S.A. § 674(b).  Haselton was subsequently convicted by a jury, and on November 27, 2002, was sentenced to zero to ten days in prison with all but two days suspended.  Haselton was also placed on probation, fined $20.50, and ordered to perform 40 hours of community service.  (Paper 5, Ex. 1).

On October 24, 2003, Haselton was convicted of violating his probation.  As a result, the state court sentenced him to serve two days in jail beginning on October 24, 2003, after which he would be unsatisfactorily discharged from probation.  It is undisputed that Haselton has not been in prison or on probation since that time.

The final entry on the state court docket sheet shows that as of May 17, 2005, Haselton had not paid his initial fine.  Hazelton was ordered to show cause for his failure to pay, and a "tax referral" was made with respect to his non-payment.  Id.  There is no indication in the docket that the state ever received the money owed on the fine.  Haselton filed his instant § 2254 petition

on January 11, 2006.

## Discussion

The respondent argues that Haselton "is not serving any sentence – he is not incarcerated nor is he on probation or parole status." (Paper 5 at 1). A prerequisite to filing a § 2254 petition is that the petitioner be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); see also Lackawanna Cty. District Attorney v. Coss, 532 U.S. 394, 401 (2001). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack, see Garlotte v. Fordice, 515 U.S. 39, 41 (1995). Although "in custody" has been construed liberally to include, for example, parole, the Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time

3

his petition is filed." Maleng, 490 U.S. at 491 (emphasis in original).

In this case, Haselton was not in the custody of the Department of Corrections at the time he filed his petition. Specifically, he had served his prison time, was not on probation, and was not scheduled to serve any form of consecutive sentence. Although Haselton may have a pending issue with respect to his payment of the initial fine, courts have held that such non-payment of a modest fine does not constitute "custody." See Lillios v. State of New Hampshire, 788 F.2d 60, 61 (1st Cir. 1986); Allen v. West, 2005 WL 911462, at *2 (S.D.N.Y. Apr. 20, 2005) (citing Spring v. Caldwell, 692 F.2d 994, 998 (5th Cir. 1982)). Since Haselton was not still in custody at the time he filed his petition, this Court has no jurisdiction to hear his claim.

In response to the motion to dismiss, Haselton argues that the state has effectively confined him to his home by refusing to allow him to drive. (Papers 7, 9 and 10). He claims that this confinement is unlawful in light of his constitutional right to travel, and that the confinement amounts to custody for purposes of § 2254.

4

Haselton cites no case law to support this argument.[1]

As set forth above, the broad interpretation of the term "in custody" does not include persons whose sentences have completely expired.  Maleng, 490 U.S. at 492.  Although Haselton may feel constrained by his inability to secure a valid driver's license, the fact remains that his criminal sentence has expired.  If the Court were to accept Haselton's custody argument, other prisoners feeling similarly constrained could "challenge the conviction . . . at any time on federal habeas.  This would read the 'in custody' requirement out of the statute . . . ."  Id.  I therefore recommend that Haselton's § 2254 petition be DISMISSED.

## Conclusion

For the reasons set forth above, I recommend that the respondent's motion to dismiss (Paper 5) be GRANTED, and that Haselton's § 2254 petition (Paper 1) be DISMISSED.  Haselton's motion to amend his petition (Paper 7) is GRANTED, and his motions to proceed (Papers

---

[1] Haselton has cited considerable case law and other legal authorities in support of his argument that he has a constitutional right to travel. This Court has previously considered, and rejected, Haselton's claim that his federal right to travel trumps the state's right to regulate its drivers.  See Haselton v. Amestoy, et al., 2003 WL 23273581, at *2 – *3 (D. Vt. Nov. 4, 2003), aff'd, No. 04-2456-cv (2d Cir. Jan. 13, 2005).

5

9 and 10) are DENIED as moot.[2]

Dated at Burlington, in the District of Vermont, this 10th day of March, 2006.

                               /s/ Jerome J. Niedermeier
                               Jerome J. Niedermeier
                               United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).

---

[2] Haselton's motion to amend (Paper 7) adds citations with respect to the use of highways, particularly with respect to the driving of farm tractors.  The Court has considered these citations, and concludes that they have no impact on the fact that Haselton's criminal sentence has expired.  Haselton's motions to proceed (Papers 9 and 10) contend that the state has wrongfully converted his constitutional right to travel into a crime, and set forth various arguments challenging the state's alleged "theory" that driving is a privilege.  The Court has considered these arguments as well, and again concludes that it has no jurisdiction over Haselton's § 2254 petition.